Mark Shane ANTHONY, Appellant,

v.

The STATE of Texas, State.

Nos. 2–97–034–CR, 2–97–035–CR.

Court of Appeals of Texas,
Fort Worth.

Jan. 30, 1998.

Allan K. Butcher, Fort Worth, for Appellant.

Tim Curry, Crim. Dist. Atty., Charles M. Mallin, Tanya S. Dohoney, Michelle, Voirin, Richard Salamy, Asst. Crim. Dist. Atty., Fort Worth, for Appellee.

Before CAYCE, C.J., and LIVINGSTON and BRIGHAM, JJ.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

LIVINGSTON, Justice.

### I. INTRODUCTION

Pursuant to Texas Rule of Appellate Procedure 50, we have reconsidered our prior opinion upon the appellant's petition for discretionary review. Our opinion of November 20,1997 is withdrawn and the following is substituted. We withdrew our original opinion in order to address two new issues raised by question one in Appellant Mark Shane Anthony's petition for discretionary review. We have reviewed appellant's question number two and make no modification concerning the issues raised therein.

Appellant appeals from the trial court's grant of the State's petition to proceed to adjudication in his aggravated sexual abuse of a child case and its revocation of his probation in his indecency with a child case. The trial court assessed punishment at life imprisonment in the first case and ten years imprisonment in the second case. In six points, appellant claims that both judgments are invalid because: (1) he never entered a plea in response to the allegation that he had "unsupervised contact with persons under the age eighteen"; (2) the condition of probation that he have "no unsupervised contact with persons under age eighteen" failed to inform him of what was acceptable conduct and failed to allow the trial judge to know when a violation had occurred; (3) there is insufficient evidence to support the judgment in the probation case because the judgment is based solely on his alleged general admission to his probation officer that the alleged contact occurred and was without supervision; and (4) the condition of probation "to abstain from the illegal use of cannabinoids ..." was so vague it failed to put him on notice of what was permitted.

### II. BACKGROUND FACTS

Appellant entered into a plea agreement on September 3, 1993, pleading nolo contendere to one count of aggravated sexual assault of a child under 14 and to one count of indecency with a child. He received 10 years' deferred adjudication in the first case

and 10 years probation in the second case. On March 20, 1996, the State moved to proceed to adjudication in the first case and to revoke probation in the second case on grounds appellant had unsupervised contact with a person under 18 and used cannabinoids in violation of his plea agreement. The trial court found that appellant had unsupervised contact with a person under 18 and had used cannabinoids. Thus, the trial court granted the State's motions and found appellant guilty in the aggravated sexual assault case and revoked his probation in the indecency with a child case, assessing punishment as life imprisonment and ten years' imprisonment, respectively.

### III. DISCUSSION

Appellant presents six points covering two separate offenses. For purposes of analysis, we will address each offense separately.

### A. THE AGGRAVATED ASSAULT OFFENSE

■ The State contends this court lacks jurisdiction over appellant's conviction for aggravated sexual assault because: (1) appellant's notice of appeal fails to comply with the requirements of Texas Rule of Appellate Procedure 25.2(b)(3); and (2) Texas Code of Criminal Procedure article 42.12, section 5(b) that states an appeal is not available from a trial court's decision to proceed to an adjudication of guilt. We agree.

First, Texas Rule of Appellate Procedure 25.2(b)(3) mandates that, in order to challenge nonjurisdictional errors in a plea bargained case, an appellant must state in the notice of appeal that the trial court granted permission to appeal or specify that the matters being appealed were raised by written motion and ruled on before trial. TEX.R.APP. P. 25.2(b)(3); see Watson v. State, 924 S.W.2d 711, 712 (Tex.Crim.App.1996) (interpreting former rule 40(b)(1)); Fontenot v. State, 932 S.W.2d 185, 188–89 (Tex.App.—Fort Worth 1996, no pet.) (interpreting former rule 40(b)(1)). Here, appellant asked the trial court for permission to appeal and permission was denied. Moreover, appellant's notice of appeal fails to specify that the matters he seeks to appeal were raised by written motion and ruled on before trial.

■ Second, Texas Code of Criminal Procedure article 42.12, section 5(b) specifically states that "[n]o appeal may be taken" from the trial court's determination to adjudicate an original offense upon violation of probation. See TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon 1979 & Supp.1998); Phynes v. State, 828 S.W.2d 1, 2 (Tex.Crim. App.1992). This court has interpreted this provision such that it "clearly and emphatically denies this Court any jurisdiction to entertain or consider an appeal from the adjudication hearing on any grounds." Johnson v. State, 694 S.W.2d 227, 228 (Tex. App.—Fort Worth 1985, pet. ref'd). The appropriate resolution of such an appeal is to dismiss the appeal for want of jurisdiction. See Phynes, 828 S.W.2d at 2; Johnson, 694 S.W.2d at 228. Here, appellant acknowledges the general applicability of section 5(b) but argues his points are directed at events that occurred before and after the hearing. However, Johnson dictates that this distinction is immaterial. See Johnson, 694 S.W.2d at 228.

■ On petition for discretionary review, appellant claims we have expanded the scope of Watson v. State, 924 S.W.2d 711, 712 (Tex.Crim.App.1996). We disagree. The rule propounded in Watson is directly applicable to appellant's case. In Watson, Watson pleaded guilty to forgery in exchange for the prosecutor's recommendation that he be placed on probation under deferred adjudication. See id. at 712. The prosecutor and Watson did not agree upon a particular period of probation, nor did they agree upon a particular jail sentence were the case to proceed to adjudication. See id. at 714. After the case proceeded to adjudication, the trial court sentenced Watson to ten years' confinement, which was within the statutory limits. See id. In deciding that the sentence was not appealable, the Court of Criminal Appeals wrote:

Although the term of years ultimately assessed against appellant in this case may not have been fixed by the plea bargain, we think it to be a reasonable interpretation of plea agreements such as the one

involved here that, when a prosecutor recommends deferred adjudication in exchange for a defendant's plea of guilty or nolo contendere, the trial judge does not exceed that recommendation if, upon proceeding to an adjudication of guilt, he later assesses any punishment within the range allowed by law. That is because a defendant who trades a plea of guilty or nolo contendere for a recommendation by the prosecutor that a judgment of guilt be delayed while he serves a period of community supervision necessarily accepts, at least in the absence of some express agreement to the contrary, that the prosecutor is making no recommendation at all concerning the term of years he may be required to serve if his probation is later revoked and the trial court proceeds to adjudicate him guilty of the charged offense.

In the instant cause, while it is true that the prosecutor did not recommend appellant be punished with ten years in the penitentiary should the trial court later enter a judgment of conviction in her case, the punishment of ten years actually assessed against her when her probation was revoked did not amount to refusal by the trial judge to implement the plea bargain. What the prosecutor recommended, and what appellant did in fact receive, was probation under a deferred adjudication order. Only if the prosecutor had also recommended that a period of incarceration less that ten years be imposed upon conviction could it reasonably be said that the ten-year term ultimately assessed in this case exceeded the punishment recommendation given in exchange for appellant's guilty plea.

*Id.* at 714–15.

The plea bargain agreement in the present case reads:

10 yrs. DFAJ + waive deadly weapon finding and agree to stipulation of facts attached. + sex offender caseload.

From this agreement, appellant argues *Watson* dictates the most he could have received without gaining the right to appeal was 10 years' confinement. However, appellant's position is factually flawed. There is no evidence that appellant and the prosecutor agreed that he would serve 10 years' confinement if the case proceeded to adjudication. The plain language of the plea agreement, reinforced by the trial court's judgment, contemplates a recommendation of 10 years' deferred adjudication probation; not a 10 year sentence if the case proceeded to adjudication. Once appellant violated the terms of his community supervision, the trial court was free to assess punishment within the parameters of the law. *See id.* at 714. Life imprisonment was within the parameters of the offense as witnessed by the written plea admonishments signed by appellant. Therefore, we dismiss appellant's appeal as it relates to his aggravated assault case.

## B. THE INDECENCY WITH A CHILD OFFENSE

We turn to appellant's points as they relate to his conviction for indecency with a child. The State contends that appellant failed to timely appeal the conditions of community supervision that serve as the basis for appellant's second, third, and sixth points. We agree.

The failure to timely appeal from a conviction resulting in community supervision waives the right to appeal. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 23(b) (Vernon 1979 & Supp.1998); *Hoskins v. State,* 425 S.W.2d 825, 828 (Tex.Crim.App.1967) (op. on reh'g); *Crider v. State,* 848 S.W.2d 308, 310 (Tex.App.—Fort Worth 1993, pet. ref'd). Article 42.12, section 23(b) provides, in pertinent part, that:

The right of the defendant to appeal for a review of the conviction and punishment, as provided by law, shall be accorded the defendant at the time he is placed on community supervision. When he is notified that his community supervision is revoked for violations of the conditions of community supervision and he is called on to serve a sentence in a jail or in the institutional division of the Texas Department of Criminal Justice, he may appeal the revocation.

TEX.CODE CRIM. PROC. ANN. art. 42.12, § 23(b).

Appellant's second, third, and sixth points allege the wording of his conditions of community supervision failed to adequately inform him and the court of what constitutes a violation of the specific community supervision conditions. These allegations concern appellant's conviction and punishment, not the revocation of his probation. Therefore, these matters should have been raised by timely appeal after he was placed on community supervision. See TEX.CODE CRIM. PROC. ANN. art. 42.12, § 23(b); *Simpson v. State*, 772 S.W.2d 276, 277–78 (Tex.App.—Amarillo 1989, no pet.) (allowing appeal of community supervision conditions directly after conditions were imposed). We dismiss these points for lack of jurisdiction.

We are left with appellant's first, fourth, and fifth points. Appellant's first point contends he never entered a plea to the allegation he had unsupervised contact with a minor. The trial court announced that appellant need only plead once to cover both offenses. Thereafter, the trial court read the general allegation and asked appellant whether he admitted "to Dan Raven on or about August 18, 1995, to having unsupervised contact with [J.B.] and [C.C.], both being persons under the age of eighteen years of age." This question tracked the petitions. Appellant answered "[n]ot true."

Appellant contends the hearing was a nullity because his plea responds to the question of whether he told his probation officer about such contact, not whether he actually did have such contact. However, the Court of Criminal Appeals has held that due process does not even require appellant be given the right to enter a plea to an alleged community supervision violation. See *Detrich v. State*, 545 S.W.2d 835, 837 (Tex.Crim.App.1977). Here, the trial court's procedure far exceeds that of the trial court in *Detrich* where no plea was asked for or given at all. *Id.* We overrule appellant's first point.

Points four and five allege there was insufficient evidence to support the judgment. We disagree. First, the State need only prove one violation of a condition of community supervision in order to revoke community supervision. See *Moore v. State*, 605 S.W.2d 924, 926 (Tex.Crim.App. [Panel Op.] 1980). We have already upheld the trial court's determination that appellant used cannabinoids. Second, case law rejects appellant's contention that the testimony of his parole officer and social worker is insufficient under article 1.15 of the Texas Code of Criminal Procedure. See TEX.CODE CRIM. PROC. ANN. art. 1.15 (Vernon 1977 & Supp.1998). Appellant acknowledges article 1.15 does not apply to a revocation proceeding and that case law holds a defendant's admission of a violation to a probation officer, by itself, is sufficient to support a revocation. See, e.g., *Cunningham v. State*, 488 S.W.2d 117, 119–21 (Tex.Crim.App.1972); *Holmes v. State*, 752 S.W.2d 700, 701 (Tex.App.—Waco 1988, no pet.). Appellant urges us to reject this line of cases. We see no reason to do so and overrule appellant's fourth and fifth points.

## IV. CONCLUSION

We dismiss appellant's appeal of his aggravated sexual assault conviction for want of jurisdiction. As for appellant's appeal of his indecency with a child conviction, we dismiss points two, three, and six for want of jurisdiction and we overrule points one, four, and five.