COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-032-CR

  
RICHARD 
LYNN CAMACHO                                                    APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
------------
 
FROM 
THE 78TH DISTRICT COURT OF WICHITA COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        In 
four points, Appellant Richard Lynn Camacho complains that the trial court 
abused its discretion in revoking his community supervision. We affirm the trial 
court’s judgment.
        In 
revoking Appellant’s community supervision, the trial court found that 
Appellant had violated the conditions of his community supervision by committing 
three new offenses; failing to avoid injurious or vicious habits—testing 
positive for THC (found in marijuana); failing to report to his community 
supervision officer for several months; and failing to pay fees and restitution, 
all of which the State alleged in its motion to revoke. Appellant challenges 
each finding.
        Proof 
by a preponderance of any one of the alleged violations of the conditions of 
community supervision is sufficient to support revocation.[2]  
Appellant does not challenge the evidence supporting or the truth of the finding 
that he failed to report for several months. Instead, in his third point, he 
contends that the reporting condition of the community supervision order was 
vague and ambiguous. This challenge should have been raised by timely appeal 
after Appellant was placed on community supervision.[3]  
We have no jurisdiction to address it now.[4]  
Because Appellant has raised no viable challenge to the finding that he failed 
to report for several months, we affirm the trial court’s judgment on that 
ground.
 
 
                                                                  PER 
CURIAM
 
PANEL 
F:   DAUPHINOT, J.; CAYCE, C.J.; and WALKER, J.
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
February 26, 2004


NOTES
1. 
See Tex. R. App. P. 47.4.
2. 
Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); Sanchez 
v. State, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980).
3. 
See Tex. Code Crim. Proc. Ann. 
art. 42.12, § 23(b) (Vernon Supp. 2004); Anthony v. State, 962 S.W.2d 
242, 246 (Tex. App.—Fort Worth 1998, no pet.) (op. on PDR).
4. 
See Tex. Code Crim. Proc. Ann. 
art. 42.12, § 23(b); Anthony, 962 S.W.2d at 246.