Richard Lynn Camacho v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-032-CR

RICHARD LYNN CAMACHO APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 78
TH
 DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In four points, Appellant Richard Lynn Camacho complains that the trial court abused its discretion in revoking his community supervision.  We affirm the trial court’s judgment.

In revoking Appellant’s community supervision, the trial court found that Appellant had violated the conditions of his community supervision by committing three new offenses; failing to avoid injurious or vicious habits—testing positive for THC (found in marijuana); failing to report to his community supervision officer for several months; and failing to pay fees and restitution, all of which the State alleged in its motion to revoke.  Appellant challenges each finding.

Proof by a preponderance of any one of the alleged violations of the conditions of community supervision is sufficient to support revocation.
(footnote: 2)  Appellant does not challenge the evidence supporting or the truth of the finding that he failed to report for several months.  Instead, in his third point, he contends that the reporting condition of the community supervision order was vague and ambiguous.  This challenge should have been raised by timely appeal after Appellant was placed on community supervision.
(footnote: 3)  We have no jurisdiction to address it now.
(footnote: 4)  Because Appellant has raised no viable challenge to the finding that he failed to report for several months, we affirm the trial court’s judgment on that ground.

PER CURIAM

PANEL F: DAUPHINOT, J.; CAYCE, C.J.; and WALKER, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  February 26, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Moore v. State
, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); 
Sanchez v. State
, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980).

3:
See
 
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 23(b) (Vernon Supp. 2004); 
Anthony v. State
, 962 S.W.2d 242, 246 (Tex. App.—Fort Worth 1998, no pet.) (op. on PDR).

4:
See
 
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 23(b); 
Anthony, 
962 S.W.2d at 246.