NO. 07-04-0531-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



FEBRUARY 22, 2005


______________________________



WILLIAM EARL JOHNSON, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 46825-D; HON. DON EMERSON, PRESIDING


_______________________________



Before QUINN, REAVIS and CAMPBELL, JJ.

 Appellant, William Earl Johnson, appeals from an order revoking his community
supervision and sentencing him to seven years imprisonment for the possession of a
controlled substance. He originally pled guilty pursuant to a plea bargain agreement, was
convicted of that offense, and was placed on community supervision for seven years. 
Thereafter, the State filed a motion to revoke wherein it alleged that he violated several
terms of his community supervision. After a hearing during which appellant admitted to 
violating those terms, the court entered the challenged order.

 Appellant's appointed counsel filed a motion to withdraw, together with an Anders (1)
brief in which he certified that, after diligently searching the record, he concluded that the
appeal was without merit. Along with his brief, counsel attached a copy of a letter sent to
appellant informing him that there were no grounds of appeal and of appellant's right to file
a response or pro se brief. By letter dated January 18, 2005, this court also notified
appellant of his right to tender his own brief or response and set February 17, 2005, as the
deadline to do so. To date, appellant has filed neither a response, brief, or request for an
extension of time. 

 In compliance with the principles enunciated in Anders, appellate counsel discussed
four potential areas for appeal. They involved 1) the effectiveness of his trial counsel, 2)
the failure to request permission to appeal, 3) the abuse of discretion by the trial court in
finding appellant in violation of the terms of his probation, and 4) the abuse of discretion by
the trial court in sentencing appellant. However, counsel explained why each argument
lacked merit. Furthermore, the record illustrates that appellant admitted committing the
acts described in the State's motion to revoke. Thus, the trial court had evidentiary basis
for its decision to revoke probation. Anthony v. State, 962 S.W.2d 242, 246 (Tex. App.-Fort
Worth 1998, no pet.) (holding that the admission by the defendant to a parole officer that
he violated his probation was sufficient evidence to revoke that probation). Appellant was
also sentenced within the range allowed by law. See Tex. Health & Safety Code Ann.
§481.115(c) (Vernon 2003) (possession of an amount of one gram or more but less than
four grams is a third degree felony); Tex. Pen. Code Ann. §12.34 (Vernon 2003) (stating
that punishment for a third degree felony is confinement for not more than ten years or less
than two). Finally, appellant did not request permission to appeal and did not appeal from
his original conviction. 

 We have conducted our own review of the record to assess the accuracy of
appellate counsel's conclusions and to uncover any error, reversible or otherwise, pursuant
to Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991). Our review has failed to
reveal error. 

 Accordingly, the motion to withdraw is granted, and the judgment is affirmed.


 Brian Quinn 

 Justice

Do not publish.
1. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). 



1" SemiHidden="false"
 UnhideWhenUsed="false" QFormat="true" Name="No Spacing"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-00091-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



AUGUST
17, 2011

 



 

ALTON ARMSTRONG, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 251ST DISTRICT COURT OF
POTTER COUNTY;

 

NO. 50,712-C; HONORABLE ANA ESTEVEZ, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

            Appellant,
Alton Armstrong, originally appealed the trial courts assessment of court costs
against him on a number of grounds.  We
initially sustained the assessment of court costs against appellant.  See Armstrong v. State, 320
S.W.3d 479, 481 (Tex.App.Amarillo 2011). 
Further, we declined to address appellants issue regarding the
sufficiency of the evidence to support the trial courts assessment of attorneys
fees as part of court costs.  Id.
at 481-82.  The Texas Court of Criminal
Appeals reversed our decision not to consider the evidentiary sufficiency to
support the order regarding attorneys fees. 
See Armstrong v. State, 340 S.W.3d 759, 2011 Tex. Crim.
App. LEXIS 873, at *19 (Tex.Crim.App. 2011). 
This matter was remanded to this Court from the Texas Court of Criminal
Appeals to consider the trial courts assessment of attorneys fees against
appellant.  Id.  

Analysis

            Appellant
contends that there is insufficient evidence to support the order for him to
repay the cost of his court-appointed attorney. 
The Texas Code of Criminal Procedure provides, pursuant to article
26.05(g),[1]
that:

If the court determines that a defendant has financial resources that
enable him to offset in part or in whole the costs of the legal services
provided, including any expenses and costs, the court shall order the defendant
to pay during the pendency of the charges or, if convicted, as court costs the
amount that it finds the defendant is able to pay.

            The record reflects that appellant
has made a number of appearances before the trial court, both on the original
offense and the subsequent adjudication proceedings.  At each stage of the proceeding, appellant
has been found to be indigent and an attorney has been appointed to represent
him.  Further, after adjudication of the
primary offense, appellant was appointed counsel for appeal and a record was
provided at no cost to him.  However,
regarding any change in his ability to pay for legal services provided, the
record is totally devoid of any evidence. 
As we read the record, appellant was indigent when initially charged and
remained that way through this appeal.  See  art. 26.04(p); Mayer v. State, 309
S.W.3d 552, 557 (Tex.Crim.App. 2010).  In
light of such a record, it is apparent that the evidence does not support the
ordering of repayment of attorneys fees. 
See id. 
Accordingly, we sustain appellants issue regarding the sufficiency of
the evidence to support the order requiring appellant to repay the county for
the costs of appointed counsel.[2]

Conclusion

            The
judgment of the trial court is modified to delete the requirement that
appellant repay the costs of his court-appointed attorney, assessed at
$1,900.00 as reflected in the Potter County District Clerks bill of cost, and
affirmed as modified.

 

 

                                                                                                            Mackey
K. Hancock

                                                                                                                        Justice

Do
not publish.  

 











[1] Further reference to the Texas Code of Criminal
Procedure will be by reference to art. ____.





[2] Having sustained appellants original second issue,
we need not address appellants third issue.