NO. 07-04-0531-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

FEBRUARY 22, 2005
_____

WILLIAM EARL JOHNSON,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 46825-D; HON. DON EMERSON, PRESIDING
_____

Before QUINN, REAVIS and CAMPBELL, JJ.

Appellant, William Earl Johnson, appeals from an order revoking his community supervision and sentencing him to seven years imprisonment for the possession of a controlled substance. He originally pled guilty pursuant to a plea bargain agreement, was convicted of that offense, and was placed on community supervision for seven years. Thereafter, the State filed a motion to revoke wherein it alleged that he violated several terms of his community supervision. After a hearing during which appellant admitted to violating those terms, the court entered the challenged order.

Appellant's appointed counsel filed a motion to withdraw, together with an *Anders*[1] brief in which he certified that, after diligently searching the record, he concluded that the appeal was without merit. Along with his brief, counsel attached a copy of a letter sent to appellant informing him that there were no grounds of appeal and of appellant's right to file a response or *pro se* brief. By letter dated January 18, 2005, this court also notified appellant of his right to tender his own brief or response and set February 17, 2005, as the deadline to do so. To date, appellant has filed neither a response, brief, or request for an extension of time.

In compliance with the principles enunciated in *Anders,* appellate counsel discussed four potential areas for appeal. They involved 1) the effectiveness of his trial counsel, 2) the failure to request permission to appeal, 3) the abuse of discretion by the trial court in finding appellant in violation of the terms of his probation, and 4) the abuse of discretion by the trial court in sentencing appellant. However, counsel explained why each argument lacked merit. Furthermore, the record illustrates that appellant admitted committing the acts described in the State's motion to revoke. Thus, the trial court had evidentiary basis for its decision to revoke probation. *Anthony v. State,* 962 S.W.2d 242, 246 (Tex. App.–Fort Worth 1998, no pet.) (holding that the admission by the defendant to a parole officer that he violated his probation was sufficient evidence to revoke that probation). Appellant was also sentenced within the range allowed by law. *See* TEX. HEALTH & SAFETY CODE ANN. §481.115(c) (Vernon 2003) (possession of an amount of one gram or more but less than four grams is a third degree felony); TEX. PEN. CODE ANN. §12.34 (Vernon 2003) (stating

---

[1]*Anders v. California,* 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

that punishment for a third degree felony is confinement for not more than ten years or less than two).  Finally, appellant did not request permission to appeal and did not appeal from his original conviction.

We have conducted our own review of the record to assess the accuracy of appellate counsel's conclusions and to uncover any error, reversible or otherwise, pursuant to *Stafford v. State,* 813 S.W.2d 503 (Tex. Crim. App. 1991).  Our review has failed to reveal error.

Accordingly, the motion to withdraw is granted, and the judgment is affirmed.


Brian Quinn
Justice

Do not publish.

3