NO. 07-04-0407-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 6, 2005
_____

SANTOS PEREZ, III,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 242ND DISTRICT COURT OF CASTRO COUNTY;

NO. B2851-0211; HON. ED SELF, PRESIDING
_____

Before QUINN, REAVIS, and CAMPBELL, J.J.

Santos Perez, III (appellant) appeals from an order revoking his community supervision and sentencing him to eight years imprisonment for aggravated assault. He originally pled guilty pursuant to a plea bargain agreement, was convicted of that offense, and was placed on community supervision for eight years. Thereafter, the State filed a motion to revoke wherein it alleged that he violated several terms of his community supervision. After a hearing during which appellant admitted to violating some those terms, the court entered the challenged order. Appellant's appointed counsel filed a

motion to withdraw, together with an *Anders*[1] brief in which he certified that, after diligently searching the record, he concluded that the appeal was without merit. Along with his brief, counsel attached a copy of a letter sent to appellant informing him that there were no grounds of appeal and of appellant's right to file a response or pro se brief. By letter dated November 16, 2004, this court also notified appellant of his right to tender his own brief or response and set December 15, 2004, as the deadline to do so. To date, appellant has filed neither a response, brief, or request for an extension of time.

In compliance with the principles enunciated in *Anders,* appellate counsel discussed two potential areas for appeal. They involved 1) the sufficiency of the evidence to support the revocation and 2) the effectiveness of his trial counsel. However, counsel explained why each argument lacked merit. Furthermore, the record illustrates that appellant admitted to committing some of the acts described in the State's motion to revoke. Thus, the trial court had evidentiary basis for its decision to revoke probation. *See Anthony v. State,* 962 S.W.2d 242, 246 (Tex. App.–Fort Worth 1998, no pet.) (holding that the admission by the defendant to a parole officer that he violated his probation was sufficient evidence to revoke that probation). Appellant was also sentenced within the range allowed by law. *See* TEX. PEN. CODE ANN. §22.02 (b) (Vernon 2003) (aggravated assault is a second degree felony); TEX. PEN. CODE ANN. §12.33 (Vernon 2003) (stating that punishment for a second degree felony is confinement for not more than 20 years or less than two). Finally, the trial court, in its certification, stated that appellant could only appeal his revocation, not the original plea agreement.

---

[1]*Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

We, too, have conducted our own review of the record to assess the accuracy of appellate counsel's conclusions and to uncover any error, reversible or otherwise, pursuant to *Stafford v. State,* 813 S.W.2d 503 (Tex. Crim. App. 1991). Our review has failed to reveal error.

Accordingly, the motion to withdraw is granted, and the judgment is affirmed.


Brian Quinn
Justice

Do not publish.