Opinion filed July 21,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00348-CR 

                                                    __________

 

                            LUCRETIA
MONIC WILLIS, Appellant

                                                             V.

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 104th District Court

                                                             Taylor
County, Texas

                                                    Trial
Court Cause No. 14539B

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            Lucretia
Monic Willis, appellant, appeals from an order adjudicating her guilt.  She
originally pleaded guilty to the offense of possession of cocaine with intent
to deliver in a drug- free zone, and the trial court deferred the adjudication
of her guilt.  The trial court placed appellant on deferred adjudication
community supervision for ten years and assessed a fine of $2,000.  The State
subsequently filed a motion to revoke community supervision and adjudicate
appellant’s guilt.  Upon finding all thirteen of the allegations in the State’s
motion to be true, the trial court revoked appellant’s community supervision,
adjudicated her guilty, and assessed punishment at confinement for twelve years
and a fine of $1,177.  We affirm.  

            Appellant
presents two issues on appeal.  She argues in the first issue that the evidence
is insufficient to support the trial court’s finding of true to the allegations
to which she pleaded not true.  In the second issue, appellant asserts that the
trial court erred in finding the other allegations true because the State
failed to produce any evidence in support of appellant’s plea of true as
required by Tex. Code Crim. Proc. Ann.
art. 1.15 (Vernon 2005).  

            The
record shows that appellant entered a plea of true to four of the State’s
allegations, acknowledging that she had violated the terms and conditions of her
community supervision as follows:  that she had received a citation for driving
without a valid driver’s license and that she had failed to pay her supervision
fees, her fine, and her attorney’s fees as ordered.  Appellant entered a plea
of not true to the remainder of the allegations, six of which involved appellant’s
possession of controlled substances.  After a hearing, the trial court found
all of the allegations to be true.

With
respect to appellant’s second issue, we first note that appellant’s reliance on
Article 1.15 is misplaced.  Article 1.15 does not apply to a revocation
proceeding.  Anthony v. State, 962 S.W.2d 242, 246 (Tex. App.—Fort Worth
1998, no pet.).  A plea of true, standing alone, is sufficient to support the
revocation of community supervision and the adjudication of guilt.  Cole v.
State, 578 S.W.2d 127, 129 (Tex. Crim. App. 1979); Guillot v. State,
543 S.W.2d 650, 653 (Tex. Crim. App. 1976).  Consequently, the State need not
have introduced evidence in support of the grounds to which appellant pleaded
true.  Appellant’s second issue is overruled.  

We
do not reach the merits of appellant’s first issue because it is not
dispositive of this appeal.  See Tex.
R. App. P. 47.1.  Appellant’s first issue relates to only nine of the thirteen
grounds upon which the trial court based its decision to adjudicate.  The trial
court’s decision to adjudicate may be upheld on any of the other four grounds. 
A single, sufficient ground will support a trial court’s decision to revoke
community supervision and proceed to an adjudication of guilt.  Jones v.
State, 571 S.W.2d 191, 193-94 (Tex. Crim. App. 1978); see Tex. Code Crim. Proc. Ann. art. 42.12,
§ 5(b) (Vernon Supp. 2010).  The trial court did not abuse its discretion in
adjudicating appellant’s guilt.  

            The
judgment of the trial court is affirmed.  

 

                                                                                                PER
CURIAM

July 21, 2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Hill, J.[1]









 

[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.