**Opinion filed July 21, 2011**



## In The

# 𝔈𝔩𝔢𝔳𝔢𝔫𝔱𝔥 𝔆𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

_____

### No. 11-10-00348-CR

_____

### LUCRETIA MONIC WILLIS, Appellant
### V.
### STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 14539B**

### MEMORANDUM OPINION

Lucretia Monic Willis, appellant, appeals from an order adjudicating her guilt. She originally pleaded guilty to the offense of possession of cocaine with intent to deliver in a drug-free zone, and the trial court deferred the adjudication of her guilt. The trial court placed appellant on deferred adjudication community supervision for ten years and assessed a fine of $2,000. The State subsequently filed a motion to revoke community supervision and adjudicate appellant's guilt. Upon finding all thirteen of the allegations in the State's motion to be true, the trial court revoked appellant's community supervision, adjudicated her guilty, and assessed punishment at confinement for twelve years and a fine of $1,177. We affirm.

Appellant presents two issues on appeal. She argues in the first issue that the evidence is insufficient to support the trial court's finding of true to the allegations to which she pleaded not true. In the second issue, appellant asserts that the trial court erred in finding the other

allegations true because the State failed to produce any evidence in support of appellant's plea of true as required by TEX. CODE CRIM. PROC. ANN. art. 1.15 (Vernon 2005).

The record shows that appellant entered a plea of true to four of the State's allegations, acknowledging that she had violated the terms and conditions of her community supervision as follows: that she had received a citation for driving without a valid driver's license and that she had failed to pay her supervision fees, her fine, and her attorney's fees as ordered. Appellant entered a plea of not true to the remainder of the allegations, six of which involved appellant's possession of controlled substances. After a hearing, the trial court found all of the allegations to be true.

With respect to appellant's second issue, we first note that appellant's reliance on Article 1.15 is misplaced. Article 1.15 does not apply to a revocation proceeding. *Anthony v. State*, 962 S.W.2d 242, 246 (Tex. App.—Fort Worth 1998, no pet.). A plea of true, standing alone, is sufficient to support the revocation of community supervision and the adjudication of guilt. *Cole v. State*, 578 S.W.2d 127, 129 (Tex. Crim. App. 1979); *Guillot v. State*, 543 S.W.2d 650, 653 (Tex. Crim. App. 1976). Consequently, the State need not have introduced evidence in support of the grounds to which appellant pleaded true. Appellant's second issue is overruled.

We do not reach the merits of appellant's first issue because it is not dispositive of this appeal. *See* TEX. R. APP. P. 47.1. Appellant's first issue relates to only nine of the thirteen grounds upon which the trial court based its decision to adjudicate. The trial court's decision to adjudicate may be upheld on any of the other four grounds. A single, sufficient ground will support a trial court's decision to revoke community supervision and proceed to an adjudication of guilt. *Jones v. State*, 571 S.W.2d 191, 193-94 (Tex. Crim. App. 1978); *see* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp. 2010). The trial court did not abuse its discretion in adjudicating appellant's guilt.

The judgment of the trial court is affirmed.

PER CURIAM

July 21, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Hill, J.[1]

---

[1]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.