

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00220-CR

_____

SHAHID KARRIEM ANSARI, III, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 354th District Court
Hunt County, Texas
Trial Court No. 27,739

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

Shahid Karriem Ansari, III, argues on appeal that his trial counsel provided ineffective assistance by failing to develop a defense to the State's allegations in its motion to adjudicate and revoke Ansari's deferred adjudication community supervision. We overrule Ansari's sole point of error and affirm the trial court's judgment and sentence.

## I. Procedural Background

The State alleged six grounds in its motion to revoke Ansari's deferred adjudication community supervision and adjudicate his guilt. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5 (West Supp. 2014). Ansari pled "true" to the first two allegations, which alleged that he committed the offenses of resisting arrest and possession of marihuana, and to the sixth ground, which alleged that he failed to complete a required anger management class.[1] After accepting Ansari's pleas of true and considering the evidence presented at the adjudication hearing, the trial court revoked Ansari's community supervision, adjudicated him guilty of the offense of burglary of a habitation, and sentenced him to seven years' incarceration.

## II. Ineffective Assistance of Counsel Standard of Review

To prevail on a claim of ineffective assistance of counsel, the complainant must show that he was prejudiced by the deficient performance of his attorney. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). "Ineffective

---

[1]The State's amended motion to revoke and adjudicate alleged (1) that Ansari committed the offenses of resisting arrest and possession of marihuana (grounds one and two, respectively), (2) that he failed to make ordered payments toward court costs and attorney fees as well as supervision fees (grounds three and four), (3) that he failed to complete his community service hours (ground five), and (4) that he failed to complete an anger management course (ground six). Upon his true plea to ground six, the anger management ground, the State abandoned grounds three, four, and five. The trial court found grounds one, two, and six true.

assistance of counsel claims must be firmly rooted in the record, with the record itself affirmatively demonstrating the alleged ineffectiveness." *Johnson v. State*, 432 S.W.3d 552, 555 (Tex. App.—Texarkana 2014, pet. ref'd) (citing *Lopez v. State*, 343 S.W.3d 137, 142–43 (Tex. Crim. App. 2011)). "Failure to satisfy either prong of the *Strickland* test is fatal." *Id.* (citing *Ex parte Martinez*, 195 S.W.3d 713, 730 n.14 (Tex. Crim. App. 2006)). "Thus, we need not examine both *Strickland* prongs if one cannot be met." *Id.* (citing *Strickland*, 466 U.S. at 697).

"We indulge a strong presumption that counsel's conduct falls within the wide range of reasonable, professional assistance and that it was motivated by sound trial strategy." *Id.* (citing *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994)). "'If counsel's reasons for his conduct do not appear in the record and there is at least the possibility that the conduct could have been legitimate trial strategy, we will defer to counsel's decisions and deny relief on an ineffective assistance claim on direct appeal.'" *Id.* (quoting *Ortiz v. State*, 93 S.W.3d 79, 88–89 (Tex. Crim. App. 2002)). "Rarely will a reviewing court be provided the opportunity to make its determination on direct appeal with a record capable of providing an evaluation of the merits of ineffective assistance claims." *Id.* (citing *Thompson*, 9 S.W.3d at 813). "'In the majority of instances, the record on direct appeal is simply undeveloped and cannot adequately reflect' the reasoning of trial counsel." *Id.* at 813–14 (quoting *Thompson*, 9 S.W.3d at 813–14). "Only in the rare case 'in which trial counsel's ineffectiveness is apparent from the record' may the appellate court 'address and dispose of the claim on direct appeal.'" *Id.* (quoting *Lopez*, 343 S.W.3d at 143).

**III.    Ansari's Arguments**

On appeal, Ansari criticizes his trial counsel's performance at the adjudication and sentencing hearings, but offers no explanation of how the representation was constitutionally inadequate. Ansari argues that "no prevailing professional norm . . . would justify not eliciting mitigating evidence either from the Appellant or other witnesses." However, Ansari provides no indication what mitigating evidence counsel should have presented or if such evidence even existed. While Ansari's appellate counsel filed a motion for a new trial, it only asserted general claims that the verdict was contrary to the law and evidence and that the sentence was "disproportionate" and "manifestly unjust." We find no indication that Ansari requested a hearing on the motion for new trial in order to present evidence, make a record of matters he felt relevant, or secure testimony from trial counsel.

Additionally, Ansari criticizes counsel for his limited cross-examination of the State's only witness, but he does not identify any further cross-examination that he contends counsel should have conducted. Likewise, Ansari criticizes trial counsel for asking him about the number and ages of his children without also asking about his "duties or other responsibilities he had as they related to the children." Yet, once again, he does not identify how this inquiry was relevant or how it would have helped his case.[2] Similarly, Ansari complains that because trial counsel was appointed one week after the State amended its motion to adjudicate to allege two new offenses and because the adjudication hearing was held one week after counsel was appointed, counsel

---

[2]After asking about the children, counsel questioned Ansari about where he would live if he was permitted to remain on community supervision and about his employment status; counsel ended the questioning by asking, "Is there anything else that you want to tell the Judge regarding your case?" Ansari declined this invitation.

4

could not possibly have performed any meaningful investigation into the two new offenses. Nevertheless, Ansari does not demonstrate what any additional investigation might have revealed.

More importantly, Ansari pled true to the allegations of these offenses.[3] Where a defendant pleads true to allegations in a revocation proceeding, "failure to conduct a full-fledged independent investigation of the facts does not necessarily result in counsel rendering constitutionally ineffective assistance." *Eddie v. State*, 100 S.W.3d 437, 442 (Tex. App.—Texarkana 2003, pet. ref'd); *see also Toupal v. State*, 926 S.W.2d 606, 608 (Tex. App.—Texarkana 1996, no pet.) ("We do not agree that the magnitude of independent factual investigation for a contested proceeding is necessary to protect a defendant's rights when the defendant knowingly and voluntarily pleads guilty to the alleged offense."). There is no indication, and Ansari makes no claim, that his pleas in this matter were anything other than voluntary and knowingly made.

The absence of any record demonstrating counsel's reasons for his actions makes it impossible for us to find deficient performance on the part of Ansari's trial counsel. "Failure to make the required showing of . . . deficient performance . . . defeats the ineffectiveness claim." *Strickland*, 466 U.S. at 700. Further, counsel was clearly implementing a strategy, endorsed by Ansari, to do everything possible to be continued on some kind of community supervision. Based on the record before this Court, we cannot say that Ansari has rebutted the presumption that his

---

[3]Initially, Ansari pled not true to all allegations. The State told the trial court that it needed to obtain certified copies of the judgments on the resisting arrest and possession of marihuana cases. At the sentencing hearing, Ansari testified that he was on community supervision in Dallas County for the resisting arrest and possession of marihuana offenses. At the hearing on the motion to adjudicate and revoke (i.e., the hearing before the sentencing hearing), the State asked if Ansari would stipulate to those convictions or at least to the fact the State could obtain certified judgments. At that point, the hearing was halted and counsel met with Ansari. When the recorded proceedings resumed, Ansari pled true to the allegations of resisting arrest, possession of marihuana, and failure to complete anger management classes.

5

trial attorney's representation was motivated by sound trial strategy. *Garcia v. State*, 57 S.W.3d 436, 441 (Tex. Crim. App. 2001).

Ansari also contends that the trial court's order placing him on deferred adjudication community supervision established no deadline or date certain for Ansari to complete the anger management course he had been ordered to attend. As a result, Ansari argues that the failure to complete the course was an inappropriate ground for revocation and adjudication. Ansari essentially complains that the anger management condition was vague and did not give him proper notice of what conduct he was required to perform in order to comply with his terms and conditions of community supervision. A complaint that a term and condition of community supervision is vague and ambiguous must be raised on direct appeal at the time it is imposed. *See Anthony v. State*, 962 S.W.2d 242, 246 (Tex. App.—Fort Worth 1998, no pet.) ("Appellant's . . . points allege the wording of his conditions of community supervision failed to adequately inform him and the court of what constitutes a violation of the specific community supervision conditions. . . . [T]hese matters should have been raised by timely appeal after he was placed on community supervision."). Accordingly, Ansari has waived this point of appeal.[4]

Ansari has failed to establish that his trial counsel's representation was deficient; thus, he has not met the requirements of *Strickland*. We overrule Ansari's points of error.

---

[4]Of course, a plea of true to any allegation in a motion to adjudicate or revoke is sufficient to support a trial court's adjudication or revocation. *See McDonald v. State*, 608 S.W.2d 192, 200 (Tex. Crim. App. 1980) (op. on reh'g) ("Evidence which supports a finding that the appellant violated one condition of his probation is sufficient to sustain the order revoking probation."); *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979) ("appellant's plea of true, standing alone, is sufficient to support the revocation of probation."). Ansari's pleas of true to grounds one and two support the trial court's ruling and preclude Ansari from establishing the *Strickland* prejudice prong.

We affirm the trial court's judgment and sentence.

Ralph K. Burgess
Justice

Date Submitted:     October 12, 2015
Date Decided:      November 13, 2015

Do Not Publish