**In the Matter of G.C.F.**

**No. 2–00–244–CV.**

Court of Appeals of Texas,
Fort Worth.

Feb. 22, 2001.

David A. Pearson IV, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., Charles M. Mallin, Anne E. Swenson, Asst. Crim. Dist. Attys., Fort Worth, for appellee.

Panel F: LIVINGSTON, GARDNER, and WALKER, JJ.

**OPINION**

LIVINGSTON, Justice.

G.C.F. appeals from the trial court's order modifying his prior disposition and committing him to the Texas Youth Commission (TYC). In his sole point on appeal, he contends the evidence was legally insufficient to sustain his adjudication for indecency with a child. We dismiss the appeal for want of jurisdiction.

On February 17, 1999, after a hearing, the trial court found G.C.F. engaged in delinquent conduct by engaging in sexual contact with K.Z. The judgment of delinquency was signed on February 22, 1999. The disposition hearing was conducted on June 3, 1999, and, on the same date, the trial court signed an order placing G.C.F. on juvenile probation for one year. The State subsequently filed a motion to modify disposition on March 20, 2000, alleging G.C.F. violated a condition of his probation. On April 24, 2000, the trial court granted the State's motion, revoked G.C.F.'s probation, and ordered him confined to the custody of TYC. After the modification hearing, G.C.F. filed a motion for new trial and a notice of appeal.

In his brief on appeal, G.C.F. challenges only the sufficiency of the evidence to support his adjudication for delinquent conduct. We agree with the State that G.C.F.'s complaint is untimely.

Juvenile appeals proceed under the rules governing civil cases generally.

TEX.FAMILY CODE ANN. § 56.01(a) (Vernon Supp.2001). Although the family code provides that "[a]n appeal of the adjudication may be sought notwithstanding that the adjudication order was signed more than 30 days before the date the notice of appeal ... was filed," we do not construe this language to permit an indefinite right to appeal issues arising in the adjudication phase. *Id.* § 56.01(b); *see also In re J.C.H.*, 12 S.W.3d 561, 562 (Tex.App.—San Antonio 1999, no pet.). The amendment to section 56.01, effective September 1, 1997, overrules our prior opinion of *In re O.S.S.*, 931 S.W.2d 42, 44 (Tex.App.—Fort Worth 1996, writ denied) where we held the appellate timetable from a juvenile adjudication runs from the date the adjudication order is signed. We agree with the San Antonio Court that the amendment was designed to allow a juvenile to appeal issues relating to adjudication with issues relating to disposition. *In re J.C.H.*, 12 S.W.3d at 562. Therefore, we hold issues relating to the adjudication proceeding may be appealed within the same time provided for a timely appeal from the disposition order. *Id.*

The rules of appellate procedure governing civil cases require a notice of appeal to be filed within 30 days after the judgment is signed or within 90 days if any party timely files a motion for new trial, a motion to modify the judgment or order, a motion to reinstate, or a request for findings of fact and conclusions of law. TEX. R.APP.P. 26.1(a). G.C.F. did not file a timely motion for new trial, a motion to modify, a motion to reinstate, or a request for findings of fact and conclusions of law immediately following the adjudication proceeding. Thus, to be timely, his notice of appeal concerning matters arising out of the adjudication proceeding was due within 30 days of the signing of the original disposition order, or by Monday July 5, 1999. G.C.F. filed his notice on July 21, 2000, which is untimely and fails to invoke the jurisdiction of this court.

Because we have determined we lack jurisdiction, we do not address G.C.F.'s sufficiency complaint. Accordingly, we dismiss the appeal for want of jurisdiction.