TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00438-CV






In the Matter of B. J. E.






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. J-19,155, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING 






 This is an appeal from an order of the juvenile court modifying the juvenile's
disposition. We will affirm.

 In June 1999, B.J.E., a juvenile, was adjudicated to have engaged in the delinquent
conduct of terroristic threat and placed on probation in his grandparents' custody. Thereafter, in
February 2000, he was adjudicated to have committed the offense of escape while in legal custody. 
His first probation was modified and for both offenses he was placed on probation at Phoenix
House. (1) Apparently, he did not successfully complete Phoenix House's program. On May 17, 2000,
the district attorney filed a motion to modify B.J.E.'s disposition, and at a hearing on the motion on
June 6, 2000, his disposition was again modified and he was committed to the Texas Youth
Commission (TYC).

 In three points of error on appeal, B.J.E. questions the juvenile court's jurisdiction
over him. He contends that all proceedings against him are void because the record does not
affirmatively reflect that he was served with proper summons as required by law. Tex. Fam. Code
Ann. § 53.06(a), (e) (West 1996) (child must be served and cannot waive service). B.J.E. contends
that he was not properly served because the record does not contain the documents reflecting that
service. Specifically, he complains that the record does not reflect that he was served with a
summons and the petition alleging terroristic threat, with a summons and the petition alleging
escape, and with a summons and the motion to modify his disposition to commit him to TYC.

 B.J.E. did not appeal from the two adjudications for terroristic threat and escape, and
he did not appeal from the earlier disposition orders. (2) He now attempts to appeal matters that could
have been raised earlier. Although a 1997 amendment to Family Code section 56.01(b) resulted in 
a perception of ambiguity about the timetable for appealing issues relating to an adjudication, courts
considering the issue have held that a juvenile cannot indefinitely delay the appeal of matters relating
to the original adjudication. (3) In re J.C.H., Jr., 12 S.W.3d 561, 562 (Tex. App.--San Antonio 1999,
no pet.) (statute could not have intended to give indefinite right of appeal for issues relating to 
adjudication; more logical construction is that issues concerning adjudication must be appealed
within time provided for the timely appeal of disposition order, even if more than thirty days
separates adjudication and disposition); accord In re G.C.F., 42 S.W.3d 194, 196 (Tex. App.--Fort
Worth 2001, no pet.) (only issue raised in appeal from April 24, 2000 modification order was
sufficiency of evidence to support February 1999 adjudication; following J.C.H., court held appeal
attacking February adjudication needed to have been filed by thirty days after June 3, 1999
disposition). We agree with the above cases. B.J.E. cannot now appeal the earlier adjudication or
disposition orders. However, even if he could do so, his complaints fail.

 When B.J.E. filed his brief, the clerk's record did not contain copies of the
summonses served upon him. After B.J.E. filed his brief, the district attorney filed a supplemental
clerk's record containing documents showing service on B.J.E. along with a brief contending that
the supplemental clerk's record cures any alleged defects. B.J.E. has not filed a reply brief
responding to the district attorney's argument. See Tex. R. App. P. 38.3. (4)

 This appeal arises from the June 6, 2000, order modifying B.J.E.'s disposition. He
does not challenge the merits of the court's order committing him to TYC. Again, he complains only
that the record does not reflect that he was served with proper summons of the May 17, 200, motion
leading to that hearing and order. See Tex. Fam. Code Ann. § 54.05(d) (West Supp. 2001)
(reasonable notice for hearing on motion to modify disposition required). The supplemental clerk's
record contains the summons showing that on May 22, 2000, B.J.E. and his grandparents were
personally served. In any event, they all three appeared in person at the hearing. B.J.E.'s counsel
informed the court that they had had more than ten days notice to prepare for the hearing. B.J.E.
testified to facts supporting the trial court's ruling.

 No issue other than lack of service having been raised, we overrule appellant's three
points of error and affirm the order of the juvenile court.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed: July 26, 2001

Do Not Publish

1. The record suggests that B.J.E. had other modifications or placements during his probation,
but those are not pertinent here. B.J.E.'s probation placement was in Phoenix House's inpatient drug
treatment program.
2. These orders reflect that at each hearing B.J.E., his legal counsel, and his grandparents all
appeared in person.
3. Act of June 2, 1997, 75th Leg., R.S., ch. 1086, § 15, 1997 Tex. Gen. Laws 4186. The
sentence in question says that an appeal of the adjudication may be sought notwithstanding that the
adjudication order was signed more than thirty days before the perfecting instrument was filed. Tex.
Fam. Code Ann. § 56.01(b) (West Supp. 2001).
4. The State has produced summonses regular on their face. That production shifts the burden
to appellant to demonstrate affirmatively any irregularities. Johnson v. State, 725 S.W.2d 245, 247
(Tex. Crim. App. 1987) (State produced pen packet, regular on its face, showing previous
convictions; appellant claimed dates showed one was juvenile conviction and record contained no
transfer order; court held that State made out prima facie case and appellant had burden to show no
transfer order existed).


d in 
a perception of ambiguity about the timetable for appealing issues relating to an adjudication, courts
considering the issue have held that a juvenile cannot indefinitely delay the appeal of matters relating
to the original adjudication. (3) In re J.C.H., Jr., 12 S.W.3d 561, 562 (Tex. App.--San Antonio 1999,
no pet.) (statute could not have intended to give indefinite right of appeal for issues relating to 
adjudication; more logical construction is that issues concerning adjudication must be appealed
within time provided for the timely appeal of disposition order, even if more than thirty days
separates adjudication and disposition); accord In re G.C.F., 42 S.W.3d 194, 196 (Tex. App.--Fort
Worth 2001, no pet.) (only issue raised in appeal from April 24, 2000 modification order was
sufficiency of evidence to support February 1999 adjudication; following J.C.H., court held appeal
attacking February adjudication needed to have been filed by thirty days after June 3, 1999
disposition). We agree with the above cases. B.J.E. cannot now appeal the earlier adjudication or
disposition orders. However, even if he could do so, his complaints fail.

 When B.J.