140 S.W.3d 858 (2004)
In the Matter of V.A.
No. 2-03-221-CV.
Court of Appeals of Texas, Fort Worth.
July 1, 2004.
Swanda & Swanda, P.C., and Dean Swanda, Arlington, for Appellant.
*859 Tim Curry, Crim. Dist. Atty., Charles M. Mallin, Asst. Crim. Dist. Atty., Chief of the Appellate Division, and Anne E. Swenson and Alicia Cooper, Asst. Crim. Dist. Attys., Fort Worth, for State.
PANEL A: CAYCE, C.J.; GARDNER and McCOY, JJ.

OPINION
JOHN CAYCE, Chief Justice.
V.A., a juvenile, appeals from a modification order revoking his community supervision and ordering his commitment to the Texas Youth Commission ("TYC"). In two points, appellant complains that the trial court lacked jurisdiction to modify V.A.'s disposition after his eighteenth birthday and that the condition of community supervision that he violated was not reasonable. We will affirm.
V.A. was born on June 16, 1985 and turned eighteen on June 16, 2003. In May of 2002, V.A. was adjudicated delinquent and placed on community supervision. Shortly thereafter, V.A. absconded and a directive was issued to apprehend him. V.A. was not apprehended, however, until June 3, 2003. The State filed a motion to modify his disposition on June 6. The juvenile court set a hearing on the motion for June 12, four days before V.A.'s eighteenth birthday. Later, V.A.'s counsel asked for a contested hearing, and the hearing on the motion was reset for June 27. At the hearing, the juvenile court found that V.A. had violated the reasonable terms of his community supervision. The court revoked V.A.'s community supervision and ordered his commitment to TYC for an indeterminate period. Later, the juvenile court entered a finding that the prosecuting attorney exercised due diligence in an attempt to complete the proceeding before V.A. turned eighteen.[1]
In his first point, V.A. contends that the juvenile court did not have jurisdiction to modify his disposition because he turned eighteen before the modification hearing took place.
Generally, when a child reaches the age of eighteen the juvenile court's jurisdiction is limited to either dismissing the case or transferring the person to a district court or criminal district court for a criminal proceeding. In re N.J.A., 997 S.W.2d 554, 556 (Tex.1999). There is an exception to this rule, however, for incomplete proceedings. Texas Family Code section 51.0412 provides as follows:
The court retains jurisdiction over a person, without regard to the age of the person, who is a respondent in an adjudication proceeding, a disposition proceeding, or a proceeding to modify disposition if:
(1) the petition or motion to modify was filed while the respondent was younger than 18 years of age;
(2) the proceeding is not complete before the respondent becomes 18 years of age; and
(3) the court enters a finding in the proceeding that the prosecuting attorney exercised due diligence in an attempt to complete the proceeding before the respondent became 18 years of age.
TEX. FAM.CODE ANN. § 51.0412 (Vernon 2002).
Because the State filed its motion to modify before V.A. turned eighteen, the proceeding was not complete on V.A.'s eighteenth birthday, and the court entered *860 a finding that the prosecutor used due diligence in attempting to complete the proceeding before V.A. turned eighteen, the juvenile court retained jurisdiction over V.A. under family code section 51.0412. Id. We overrule V.A.'s first point.
In his second point, V.A. contends that the condition of community supervision requiring him to attend sex offender treatment was unreasonable. This challenge should have been raised by timely appeal of the original disposition order after V.A. was placed on community supervision. See In re G.C.F., 42 S.W.3d 194, 196 (Tex.App.-Fort Worth 2001, no pet.) (holding that appellate court had no jurisdiction to decide issues arising out of adjudication proceeding when juvenile appealed from modification order); Anthony v. State, 962 S.W.2d 242, 246 (Tex.App.-Fort Worth 1998, no pet.) (op. on PDR) (dismissing complaints about conditions of community supervision for lack of jurisdiction in appeal of order revoking community supervision). We dismiss this point because we have no jurisdiction to hear V.A.'s complaint about the sex offender treatment condition of community supervision. G.C.F., 42 S.W.3d at 196; Anthony, 962 S.W.2d at 246.
We affirm the trial court's judgment.
NOTES
[1] We abated this case so that the trial court could hold a hearing to determine whether the prosecutor had exercised due diligence in an attempt to complete the proceeding before V.A.'s eighteenth birthday. See TEX.R.APP. P. 44.4. The judge found that the prosecutor had exercised due diligence, and this finding has not been challenged.