COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-221-CV
  
  
  
IN 
THE MATTER OF V.A.
  
  
  
------------
 
FROM 
THE 323RD DISTRICT COURT OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
        V.A., 
a juvenile, appeals from a modification order revoking his community supervision 
and ordering his commitment to the Texas Youth Commission (“TYC”).  In 
two points, appellant complains that the trial court lacked jurisdiction to 
modify V.A.’s disposition after his eighteenth birthday and that the condition 
of community supervision that he violated was not reasonable.  We will 
affirm.
        V.A. 
was born on June 16, 1985 and turned eighteen on June 16, 2003.  In May of 
2002, V.A. was adjudicated delinquent and placed on community supervision.  
Shortly thereafter, V.A. absconded and a directive was issued to apprehend 
him.  V.A. was not apprehended, however, until June 3, 2003.  The 
State filed a motion to modify his disposition on June 6.  The juvenile 
court set a hearing on the motion for June 12, four days before V.A.’s 
eighteenth birthday.  Later, V.A.’s counsel asked for a contested 
hearing, and the hearing on the motion was reset for June 27.  At the 
hearing, the juvenile court found that V.A. had violated the reasonable terms of 
his community supervision.  The court revoked V.A.’s community 
supervision and ordered his commitment to TYC for an indeterminate period.  
Later, the juvenile court entered a finding that the prosecuting attorney 
exercised due diligence in an attempt to complete the proceeding before V.A. 
turned eighteen.[1]
        In 
his first point, V.A. contends that the juvenile court did not have jurisdiction 
to modify his disposition because he turned eighteen before the modification 
hearing took place.
        Generally, 
when a child reaches the age of eighteen the juvenile court’s jurisdiction is 
limited to either dismissing the case or transferring the person to a district 
court or criminal district court for a criminal proceeding.  In re N.J.A., 
997 S.W.2d 554, 556 (Tex. 1999).  There is an exception to this rule, 
however, for incomplete proceedings.  Texas Family Code section 51.0412 
provides as follows:

The 
court retains jurisdiction over a person, without regard to the age of the 
person, who is a respondent in an adjudication proceeding, a disposition 
proceeding, or a proceeding to modify disposition if:
 
(1)the 
petition or motion to modify was filed while the respondent was younger than 18 
years of age;
 
(2)the 
proceeding is not complete before the respondent becomes 18 years of age; and
 
(3)the 
court enters a finding in the proceeding that the prosecuting attorney exercised 
due diligence in an attempt to complete the proceeding before the respondent 
became 18 years of age.

Tex. Fam. Code Ann. § 51.0412 (Vernon 
2002).
        Because 
the State filed its motion to modify before V.A. turned eighteen, the proceeding 
was not complete on V.A.’s eighteenth birthday, and the court entered a 
finding that the prosecutor used due diligence in attempting to complete the 
proceeding before V.A. turned eighteen, the juvenile court retained jurisdiction 
over V.A. under family code section 51.0412.  Id.  We overrule 
V.A.’s first point.
        In 
his second point, V.A. contends that the condition of community supervision 
requiring him to attend sex offender treatment was unreasonable.  This 
challenge should have been raised by timely appeal of the original disposition 
order after V.A. was placed on community supervision.  See In re G.C.F., 
42 S.W.3d 194, 196 (Tex. App.—Fort Worth 2001, no pet.) (holding that 
appellate court had no jurisdiction to decide issues arising out of adjudication 
proceeding when juvenile appealed from modification order); Anthony v. State, 
962 S.W.2d 242, 246 (Tex. App.—Fort Worth 1998, no pet.) (op. on PDR) 
(dismissing complaints about conditions of community supervision for lack of 
jurisdiction in appeal of order revoking community supervision).  We 
dismiss this point because we have no jurisdiction to hear V.A.’s complaint 
about the sex offender treatment condition of community supervision.  G.C.F., 
42 S.W.3d at 196; Anthony, 962 S.W.2d at 246.
        We 
affirm the trial court’s judgment.
 
  
                                                                  JOHN 
CAYCE
                                                                  CHIEF 
JUSTICE
   
 
PANEL 
A:   CAYCE, C.J.; GARDNER and MCCOY, JJ.
 
DELIVERED: 
July 1, 2004


NOTES
1.  
We abated this case so that the trial court could hold a hearing to determine 
whether the prosecutor had exercised due diligence in an attempt to complete the 
proceeding before V.A.’s eighteenth birthday.  See Tex. R. App. P. 44.4.  The judge 
found that the prosecutor had exercised due diligence, and this finding has not 
been challenged.