In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00174-CR


______________________________




MARK FALCON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the County Court at Law


Hopkins County, Texas


Trial Court No. CR0422470




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION


 Mark Falcon attempts to appeal his conviction by the trial court for driving while intoxicated. 
Falcon was sentenced to a fine of $500.00. His sentence was imposed April 11, 2006. Falcon's
motion for new trial was filed May 4, 2006, and his notice of appeal was filed August 8, 2006. We
received the clerk's record September 22, 2006. The issue before us is whether Falcon timely filed
his notice of appeal. We conclude he did not and dismiss the attempted appeal for want of
jurisdiction.

 A timely notice of appeal is necessary to invoke this Court's jurisdiction. Olivo v. State, 918
S.W.2d 519, 522 (Tex. Crim. App. 1996). Rule 26.2(a) of the Texas Rules of Appellate Procedure
prescribes the time period in which a notice of appeal must be filed by a defendant in order to perfect
appeal in a criminal case. A defendant's notice of appeal is timely if filed within thirty days after the
day sentence is imposed or suspended in open court, or within ninety days after sentencing if the
defendant timely files a motion for new trial. Tex. R. App. P. 26.2(a); Olivo, 918 S.W.2d at 522. The
last date Falcon could timely file his notice of appeal was July 10, 2006, ninety days after the day
the sentence was imposed in open court. See Tex. R. App. P. 26.2(a)(1). Further, no motion for
extension of time was filed in this Court within fifteen days of the last day allowed for filing the
notice of appeal.



 Falcon has failed to perfect his appeal. Accordingly, we dismiss the appeal for want of
jurisdiction.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: September 26, 2006

Date Decided: September 27, 2006


Do Not Publish



OPINION ON MOTION FOR REHEARING



 Mark Falcon has filed a motion for rehearing in which he argues that his notice of appeal was
timely because he was not sentenced April 11, 2006, but instead was sentenced one month later, on
May 11, 2006. Were that the case, his notice of appeal would be timely, and we would have
jurisdiction over the appeal. 

 The record before us indicates otherwise. The only record indications of Falcon's date of
sentencing both point to April 11: (1) the judgment which so recites and (2) the docket sheet entry
which confirms that date. The judgment states categorically that, on the "11th day of April, 2006

. . . the court proceeded, in the presence of the Defendant and his attorney, to pronounce sentence

. . . ." That judgment was not signed until May 11, 2006. Unlike civil cases, however, as we pointed
out in our original opinion, the date on which sentence was imposed is the date on which the
appellate timetable began running--not the date on which the judgment was signed, as it is in civil
appeals.

 We overrule the motion for rehearing. 


 Josh R. Morriss, III

 Chief Justice


Date: October 25, 2006







ed="false" Priority="59" SemiHidden="false"
 UnhideWhenUsed="false" Name="Table Grid"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00198-CR

                                                ______________________________

 

 

                                      ERIC JUSTIN
DOBBS, Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the Sixth
Judicial District Court

                                                             Lamar County, Texas

                                                            Trial
Court No. 22495

 

                                                          
                                        

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

Less than a year after Eric Justin Dobbs had
pled guilty and had been placed on community supervision[1]
for theft of copper wire cable worth less than $20,000.00, the State moved to
revoke Dobbs community supervision, alleging thirteen violations, including
drinking alcohol.  Dobbs pled not true
to all allegations. 

From the trial
courts revocation orderwhich revoked Dobbs community supervision and ordered
Dobbs confined in the Texas Department of Criminal Justice, State Jail
Division, for two yearsDobbs appeals, raising seven points of error, but
structuring his argument to focus on each alleged violation serially rather
than to fit the appropriate arguments under each point of error.  Dobbs argues that the evidence is legally and
factually insufficient to establish various violations of his community
supervision, that he was unable to comply with some of the conditions of his
community supervision, that some of his conditions were so vague and indefinite
as to be unenforceable, that there was lack of proof that Dobbs was able to pay
the court-ordered fees and costs, and that he was denied his constitutional
right to liberty because of his poverty in that his community supervision was
revoked when he failed to make the ordered payments.

We affirm the trial courts judgment
because, at a minimum, (1) Dobbs use of alcoholic beverages was established,
(2) the conditions of community supervision did not condition revocation on
proof that the alcoholic beverages Dobbs consumed were dangerous, and (3) the alcohol prohibitions alleged vagueness is
not cognizable on this appeal.  We need
not reach the other arguments, because they are irrelevant in light of our
holdings with regard to the alcoholic-beverage violation.

            Our review
of an order revoking community supervision is limited to determining whether
the trial court abused its discretion.  Rickels
v. State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); Cardona v. State,
665 S.W.2d 492, 493 (Tex. Crim. App. 1984). 
In a community supervision revocation hearing, although the decision
whether to revoke rests within the discretion of the trial court, its
discretion is not absolute.  Wester v. State, 542 S.W.2d 403, 405
(Tex. Crim. App. 1976); Scamardo v. State,
517 S.W.2d 293, 297 (Tex. Crim. App. 1974).  The trial court is not authorized to revoke community
supervision without a showing, by a preponderance of the evidence, that the defendant
has violated a condition of the community supervision imposed by the court.  DeGay v.
State, 741 S.W.2d 445, 449 (Tex. Crim. App. 1987); Cardona, 665 S.W.2d at 493.

 

 

 

(1)        Dobbs Use of Alcoholic Beverages Was
Established

 

            Dobbs
contends that the evidence supporting the revocation of his community
supervision is legally and factually insufficient as to the alcohol
violation.  We disagree. 

            In
determining questions regarding sufficiency of the evidence in community
supervision revocation cases, the State must prove, by a preponderance of the
evidence, that the defendant violated a term of his or her community
supervision.  Rickels, 202 S.W.3d
at 763.  A preponderance of the evidence
exists when the greater weight of the credible evidence creates a reasonable
belief that the defendant has violated a condition of his or her community
supervision.  Id. at 76364; Scamardo,
517 S.W.2d at 298.

            In a community
supervision revocation hearing, the trial court is the sole trier of fact.  Jones v.
State, 787 S.W.2d 96, 97 (Tex. App.Houston [1st Dist.] 1990, pet. refd).  The trial court also determines the
credibility of the witnesses and the weight to be given their testimony.  Id.  It may accept or reject any or all of the
witnesses testimony.  Mattias v. State, 731 S.W.2d 936, 940
(Tex. Crim. App. 1987).  Therefore, we
will examine the evidence in the light most favorable to the trial courts
order revoking community supervision.  See Jackson v. State, 645 S.W.2d 303,
305 (Tex. Crim. App. 1983).  Any other
type of review would effectively undermine the trial courts discretion.

            When the States
proof of any one of the alleged violations of community supervision is
sufficient to support a revocation of community supervision, the revocation
should be affirmed. Tex. Code Crim.
Proc. Ann. art. 42.12, § 21 (Vernon Supp. 2009) (State must prove every
element of at least one ground for revocation by preponderance of evidence); Moore v. State, 605 S.W.2d 924, 926
(Tex. Crim. App. 1980); Stevens v. State,
900 S.W.2d 348, 351 (Tex. App.Texarkana 1995, pet. refd).  Therefore, we need to find only one instance
in which the State proved by a preponderance of the evidence that the terms of community
supervision were violated.  Since we must
find only one sufficiently proven violation, we will discuss only one.

            Here, the
State alleged, among many other things, that Dobbs violated a term of his
community supervision by consuming alcohol. 
Under the terms of his community supervision, Dobbs was to avoid the
use of any controlled substance or dangerous drug or alcoholic beverage.  Michelle Vaughn, a community supervision
officer for Lamar County, testified that Dobbs admitted to drinking one or two
beers on a daily basis.  When asked
whether Dobbs drinks beer, Deanna Dobbs, Dobbs wife, first answered no, sir,
but then admitted that he has.  

            In a hearing
to revoke community supervision, the trial court, as the fact-finder, is the
exclusive judge of the witnesses credibility and the testimonys weight.  Garrett
v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981).  Therefore, the trial court was free to accept
the testimony of Vaughn and reject that of Deanna Dobbs.  See id.
 Thus, the trial court reasonably could
have found by a preponderance of the evidence that Dobbs consumed an alcoholic
beverage and thereby violated condition thirteen of his community supervision
as alleged in the States motion to revoke. 
Thus, the trial court did not abuse its discretion in revoking Dobbs community
supervision.

 

(2)        The Conditions of Community Supervision
Did Not Condition Revocation on Proof that the Alcoholic Beverages Dobbs Consumed
Were Dangerous

 

            In a single
sentence in his brief, Dobbs suggests that the conditions of his community
supervision may prohibit consumption, not of any alcoholic beverage, but only a dangerous alcoholic beverage. 
We disagree.

            Condition
thirteen of Dobbs community supervision required Dobbs to avoid the use of
any controlled substance or dangerous drug or alcoholic beverage.  While the language could have been clearer,
we find nothing in the language suggesting that the prohibition as to alcoholic
beverages covers only those that are dangerous. 
In the applicable phrase, there are three nouns, each separately
modified by a single adjective.  Dobbs
must have avoided use of any controlled
substance, not any substances at all; any dangerous
drugs, not any drugs at all; and any alcoholic
beverages, not any beverages at all.  If
one argues that the adjective dangerous was also intended to modify, not only
drugs, but also beverages, one could also equally suggest that the earlier
adjective controlled would apply, not only to substances, but also to both drugs
and beverages.  Thus, if the phrase is
to be read to prohibit the use of any controlled substance or dangerous drug
or dangerous alcoholic beverage,
there is no reason not to follow that logic out further and suggest that it
really prohibits the use of any controlled substance or controlled dangerous
drug or controlled dangerous alcoholic beverage.  We reject that notion, in favor of reading
the phrase in the form presented, that is, to prohibit use of three things,
controlled substances, dangerous drugs, or alcoholic beverages.

(3)        The Alcohol Prohibitions Alleged
Vagueness Is Not Cognizable on this Appeal

 

            In response
to the States allegation that Dobbs violated his community supervision by
drinking alcohol, Dobbs argues that the prohibition from drinking alcohol is so
vague and indefinite as not to inform [Dobbs] of what he was to do, so as to be
unenforceable. This challenge should have been raised by a timely appeal after
Dobbs was placed on community supervision, not after his community supervision
was revoked.  See Tex. Code Crim. Proc.
Ann. art. 42.12, § 23(b) (Vernon Supp. 2009); In re V.A., 140 S.W.3d 858, 860 (Tex. App.Fort Worth 2004, no pet.);
Anthony v. State, 962 S.W.2d 242, 246
(Tex. App.Fort Worth 1998, no pet.).  Because Dobbs argument on that point was not
timely appealed, we lack jurisdiction to address it now.

            We
affirm the trial courts revocation of Dobbs community supervision.

 

 

 

            

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          April
13, 2010

Date Decided:             April
14, 2010

 

Do Not Publish

 

 

 











[1]The
relevant terms of Dobbs community supervision required him to do a number of
things: 

 

(1)           report in person to his community supervision officer
every month and submit a monthly report form, 

(2)           avoid
using any controlled substance or dangerous drug or alcoholic beverage, 

(3)           complete
300 hours of community service at a rate of no less than ten hours per month, 

(4)           pay
$60.00 per month in community supervision fees, 

(5)           pay
court costs of $246.00 at a rate of $8.00 per month until paid, 

(6)           pay
attorneys fees of $350.00 at a rate of $10.00 per month until paid, 

(7)           pay
fines in the amount of $500.00 at a rate of $15.00 per month until paid, 

(8)           pay
restitution in the amount of $950.00 at a rate of $30.00 per month until paid, 

(9)           pay
the crime stoppers fee of $50.00 by August of 2008, 

(10)         attend a personal development seminar, and 

(11)         attend the Freedom of Choice Program.