Affirmed and Memorandum Opinion filed May 6, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00608-CR

___________________

 

JORGE LUIS SOSA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee



 



 

On
Appeal from the 183rd District Court

Harris County,
Texas



Trial Court Cause No. 1130386

 



 

 

MEMORANDUM OPINION

            Appellant Jorge Luis Sosa appeals from the trial
court’s judgment adjudicating his guilt and revoking his community
supervision.  In two issues, he argues the trial court abused its discretion in
revoking his community supervision because (1) one of the conditions of
community supervision was not specific and did not contain adequate notice to
appellant, and (2) a written communication by appellant was improperly admitted
into evidence because it was not authenticated.  We affirm.

Factual and Procedural Background

            In
2008, appellant entered a plea of guilty to the offense of aggravated sexual
assault of a child.  After a presentence investigation hearing, the trial court
deferred a finding of guilt and placed appellant on community supervision for ten
years.  As a condition of his community supervision, appellant agreed “not
to contact the complainant, [K.W.], in person, in writing, by telephone,
via the internet, a third party or any other means for any reason except as
specifically permitted by the Court.”  Appellant further agreed “to have no
contact with any minor under the age of seventeen (17) beginning AUGUST
7, 2008 for any reason except as specifically permitted by the Court except
supervised contact with biological son, [T.P.S.] . . . with an approved court
chaperone as directed by Supervision Officer.  No contact with biological
daughter.”[1]

The State subsequently filed a motion to adjudicate
appellant’s guilt, alleging appellant violated his conditions of community
supervision by mailing a birthday card to his biological daughter.  At the
hearing on the State’s motion, appellant entered a plea of true to the State’s
allegations.  The State presented the testimony of the complainant in the
underlying charge.  She was familiar with appellant’s handwriting and
recognized it on the birthday card mailed to her half-sister, appellant’s
biological daughter.  Appellant’s attorney conducted a voir dire examination of
the complainant prior to the admission of the birthday card.  Appellant’s
counsel questioned the complainant about her familiarity with appellant’s
handwriting, but did not object to the admission of the birthday card into
evidence.  

During his closing argument, appellant argued that
the conditions of his community supervision were vague because “no contact
generally means [no] physical contact” and that appellant did not understand
that he could not send his daughter a birthday card.  The trial court reminded
appellant that at the time of his guilty plea, the court admonished him that
“no contact means no contact.”  At that time, the court went on to explain, “That
means no mail.  That means no phone calls.  That means no telling someone to
tell someone . . . no texting, no Twittering, no Skyping.”  The trial court
adjudicated appellant’s guilt and sentenced him to 25 years in prison.

Standard of
Review

An order revoking community supervision is subject to
an abuse-of-discretion standard of review.  Rickels v. State, 202 S.W.3d
759, 763 (Tex. Crim. App. 2006).  An appellate court affords almost total
deference to a trial court’s determination of the historical facts supported by
the record, especially when the trial court’s fact findings are based on an
evaluation of credibility and demeanor.  Guzman v. State, 955 S.W.2d 85,
89 (Tex. Crim. App. 1997).  

Conditions
of Community Supervision

In his first issue, appellant argues the trial court
abused its discretion in revoking his community supervision because the
condition that required him to have no contact with his biological daughter was
vague and non-specific.  Appellant, however, waived this issue by failing to
raise it at the time of his original plea.  

An award of community supervision is a contractual
privilege entered into between a court and a defendant.  Speth v. State,
6 S.W.3d 530, 534 (Tex. Crim. App. 1999).  A defendant cannot challenge a
condition of community supervision for the first time at a revocation
proceeding.  Id. at 535; In re V.A., 140 S.W.3d 858, 860 (Tex.
App.—Fort Worth 2004, no pet.).  Because appellant failed to object or
otherwise raise the purported vagueness of this condition at the time community
supervision was awarded, we overrule his first issue.

Admission
of Evidence

In his second issue, appellant argues the trial court
erred in admitting the birthday card into evidence because it was not properly
authenticated.  To preserve a complaint for appeal, a party must have presented
to the trial court a timely objection, on which the court ruled.  Tex. R. App.
P. 33.1; Mendez v. State, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). 
Although appellant questioned the complainant about how she was able to
recognize appellant’s handwriting, he made no objection to the admission of the
birthday card.  Because appellant failed to preserve error, we overrule his
second issue.

The judgment of the trial court is affirmed.

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices
Anderson, Frost, and Seymore.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1] Emphasis in original.