# IN THE COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT

## TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE MATTER OF A.M.H.,* | § | *APPEAL FROM THE 273RD* |
| | § | *JUDICIAL DISTRICT COURT* |
| *A JUVENILE* | | |
| | § | *SABINE COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

A.M.H. appeals the juvenile court's order of discretionary transfer of his case to adult criminal district court. Appellant raises four issues on appeal. We reverse and dismiss.

### Background

On July 27, 2018, Hemphill Police Department Officer Travis Trexler received a call that two children made an outcry of sexual abuse against Appellant, alleging several years of sexual abuse, with the last events occurring on or about September 30, 2017. The children underwent forensic interviews and a sexual assault nurse examination three days after the outcries on July 30, 2018, in which they described the abuse committed against them by Appellant. Appellant was sixteen years old at the time of the most recent abuse, and seventeen years old at the time of the outcries.

Prior to the outcries, Appellant relocated with his family to Georgia. At the time of the outcries in July 2017, Appellant, while in Georgia, had just completed his term of community supervision on another case originating from Sabine County, Texas. A juvenile warrant was issued on September 5, 2018.

There was no further activity on the case until late November 2018 when the authorities contacted Appellant's mother requesting that Appellant return to Texas. Appellant returned to Sabine County on December 4, 2018, and turned himself in at the Sabine County Jail. He was erroneously booked and processed as an adult and bonded out the same day. Appellant then

returned to Georgia. First Judicial District Juvenile Probation Department Officer Dan Reeves, who also oversaw Appellant's community supervision on his other case, was not notified of Appellant's return to Texas or the improper processing of his warrant and arrest until December 10.

On January 18, 2019, after Officer Reeves consulted with his supervisor, the Hemphill Police Department, the District Attorney's Office, and the Texas Juvenile Justice Department (TJJD), they collectively decided to allow Appellant to remain in Georgia and finish the school year, at which time they would proceed on the matter. Appellant turned eighteen on January 22.

On May 21, the State filed a petition for discretionary transfer in the juvenile court alleging that Appellant committed aggravated sexual assault on the two child victims under the age of fourteen when Appellant was sixteen years of age. Among other requirements in the discretionary transfer statute, the State also alleged that for reasons beyond its control, it was not practicable to proceed prior to Appellant's eighteenth birthday.[1]

The trial court held the waiver and transfer hearing on August 7, almost seven months after Appellant's eighteenth birthday. The juvenile court found that there had been no adjudication concerning the alleged offenses, there was probable cause to believe that Appellant committed the offenses, that he was over fourteen years of age but less than seventeen years of age at the time of the offenses, and for reasons beyond the State's control it was not practicable to proceed before Appellant's eighteenth birthday. Therefore, the court waived its exclusive original jurisdiction and ordered the case transferred to criminal district court. Because the juvenile court did not explain the basis for its findings in its order under the relevant statutory factors, Appellant requested findings of fact and conclusions of law, which the trial court subsequently issued. This appeal followed.

## WAIVER OF JURISDICTION AND TRANSFER ORDER

Appellant argues in his fourth issue that the trial court's decision to waive its juvenile jurisdiction and transfer the case to criminal district court was unsupported by legally and factually sufficient evidence. Specifically, in relevant part, Appellant contends that the State failed to satisfy its burden to show that, for reasons beyond its control, it was impracticable to proceed in juvenile court before his eighteenth birthday.

---

[1] *See* TEX. FAM. CODE ANN. § 54.02(j) (West 2014).

**Standard of Review**

The transfer of a juvenile offender from a juvenile court to criminal district court for prosecution should be regarded as the exception, not the rule. *Moon v. State*, 451 S.W.3d 28, 36 (Tex. Crim. App. 2014). Therefore, the Texas Juvenile Justice Code allows a juvenile court to waive its exclusive original jurisdiction and transfer a child to the appropriate district court or criminal district court only under specific circumstances. TEX. FAM. CODE ANN. § 54.02 (West 2014). If the court decides to waive its jurisdiction, it must "state specifically its reasons for waiver and certify its action, including the written order and findings of the court." *Id.* § 54.02(h). The order must contain both the juvenile court's reasons for waiving its jurisdiction and the findings of fact that undergird those reasons. *Moon*, 451 S.W.3d at 49. In other words, the juvenile court must "show its work." *Id.*

When reviewing a juvenile court's written order waiving its jurisdiction under Section 54.02, an appellate court must perform a two-step analysis. *See id.* at 47. First, the court should review the juvenile court's specific findings of fact under "traditional sufficiency of the evidence review." *Id.* Under a legal sufficiency challenge, we credit evidence favorable to the challenged finding and disregard contrary evidence unless a reasonable fact finder could not reject the evidence. *Moon v. State*, 410 S.W.3d 366, 371 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 451 S.W.3d 28. If there is more than a scintilla of evidence to support the finding, the challenge fails. *Id.* We will not second-guess the factfinder "unless only one inference can be drawn from the evidence." *In re J.G.*, 495 S.W.3d 354, 370 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) (quoting *Faisst v. State*, 105 S.W.3d 8, 12 (Tex. App.—Tyler 2003, no pet.)). Under a factual sufficiency challenge, we consider all of the evidence presented to determine if the court's finding is so against the great weight and preponderance of the evidence as to be clearly wrong or unjust. *Moon*, 410 S.W.3d at 371. The reviewing court must limit its sufficiency review supporting the transfer order to the facts that the juvenile court expressly relied upon, as required to be explicitly set out in the transfer order. *Moon*, 451 S.W.3d at 50.

Second, after completing its sufficiency review, the appellate court should consider the juvenile court's ultimate waiver decision under an abuse of discretion standard. *Id.* at 47. In doing so, the court should ask whether the juvenile court acted without reference to guiding rules or principles. *Id.* "In other words, was [the juvenile court's] transfer decision essentially arbitrary,

3

given the evidence on which it was based, or did it represent a reasonably principled application of the legislative criteria?" *Id.*

## Applicable Law

Texas juvenile courts have exclusive original jurisdiction over proceedings in cases involving the delinquent conduct of an adult who was a child at the time of the conduct. TEX. FAM. CODE ANN. § 51.04(a) (West Supp. 2019). Delinquent conduct includes conduct other than a traffic offense that violates a penal law and is punishable by imprisonment or confinement in jail. *Id.* § 51.03(a) (West Supp. 2019). "Child" includes a person who is ten years of age or older and under seventeen years of age. *Id.* § 51.02(2)(A) (West Supp. 2019). Delinquency proceedings against minors proceed in juvenile court under the Juvenile Justice Code. *See generally id.* §§ 51.01–61.107 (West 2014 and West Supp. 2019). As we earlier discussed, a juvenile court may waive its exclusive original jurisdiction under certain conditions and allow transfer of the proceeding to a district court for criminal prosecution. *Id.* § 54.02(a), (j).

What the State must prove to obtain transfer depends on whether the minor has reached the age of eighteen by the date of the transfer hearing. *Matter of A.M.*, 577 S.W.3d 653, 658 (Tex. App.—Houston [1st Dist.] 2019, pet. filed). "Section 54.02(a) applies where the juvenile is less than eighteen years of age at the time of the transfer hearing," while "Section 54.02(j) applies where the juvenile is eighteen years old at the time of the transfer hearing." *Id.* (quoting *In re D.L.C.*, No. 06-16-00058-CV, 2017 WL 1055680, at *4 (Tex. App.—Texarkana Mar. 21, 2017, no pet.) (mem. op.)).

Once the juvenile turns eighteen, the juvenile court's jurisdiction is limited to either dismissing the case or transferring the case to criminal district court.[2] *See Moore v. State*, 532 S.W.3d 400, 404–05 (Tex. Crim. App. 2017); *In re N.J.A.*, 997 S.W.2d 554, 555–56 (Tex. 1999). If the State does not meet its burden under Section 54.02(j), the juvenile court's only option is to

---

[2] However, a juvenile court may retain jurisdiction over a person, without regard to the person's age, if, among other things, the person is a respondent in an adjudication proceeding and the proceeding is not complete before the respondent turns eighteen, so long as the court enters a finding in the proceeding that the prosecuting attorney exercised due diligence in attempting to complete the proceeding before the respondent's eighteenth birthday. *See* TEX. FAM. CODE ANN. § 51.0412 (West 2014); *Matter of A.M.*, 577 S.W.3d 653, 658 n.5 (Tex. App.—Houston [1st Dist.] 2019, pet. filed) (citing *In re B.R.H.*, 426 S.W.3d 163, 166 (Tex. App.—Houston [1st Dist.] 2012, no pet.); *In re V.A.*, 140 S.W.3d 858, 859–60 (Tex. App.—Fort Worth 2004, no pet.)). Neither party argues that Section 51.0412's legislative exception applies here. Moreover, there was no adjudication proceeding here until the State filed its petition to transfer to district court after Appellant turned eighteen.

dismiss the case. *See Moore*, 532 S.W.3d at 405; *Matter of A.M.*, 577 S.W.3d at 658; *N.J.A.*, 997 S.W.2d at 557.

As applicable here, regarding the transfer of cases where the defendant turns eighteen prior to the transfer hearing, Texas Family Code Section 54.02(j) provides, in pertinent part, that

> [t]he juvenile court may waive its exclusive original jurisdiction and transfer a person to the appropriate district court or criminal district court for criminal proceedings if:
>
> (1) the person is 18 years of age or older;
>
> (2) the person was:
>
> . . .
>
> (B) 14 years of age or older and under 17 years of age at the time the person is alleged to have committed . . . a felony of the first degree other than an offense under Section 19.02, Penal Code;
>
> (3) no adjudication concerning the alleged offense has been made or no adjudication hearing concerning the offense has been conducted;
>
> (4) the juvenile court finds from a preponderance of the evidence that:
>
> (A) for a reason beyond the control of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person;
>
> . . . and
>
> (5) the juvenile court determines that there is probable cause to believe that the child before the court committed the offense alleged.

TEX. FAM. CODE ANN. § 54.02(j). Subsection (j)(4)(A) "is meant to limit the prosecution of an adult for an act he committed as a juvenile if his case could reasonably have been dealt with when he was still a juvenile." *Moore*, 532 S.W.3d at 405 (concluding that State's "failure to get around to this case in time did not meet [its] burden" under Section 54.02(j)(4)(A)).

The "state" includes the prosecutor, other lawyers and employees in his office, along with members of law enforcement connected to the investigation and prosecution of the case. *Id.* at 403–04. The failure to mitigate investigative or procedural delays is not outside the state's control to proceed to juvenile court before the juvenile's eighteenth birthday under Section 54.02(j). *Matter of A.M.*, 577 S.W.3d at 672 n.10. Moreover, facts explaining delays occurring after the defendant turned eighteen are not relevant in this analysis. *Collins v. State*, 516 S.W.3d 504, 521 (Tex. App.—Beaumont 2017, pet. denied). Finally, the investigator's heavy caseload and clerical mistakes in his file as to the juvenile's age, when other documents in the file had the correct

5

birthdate, are not reasons for delaying the prosecution beyond the state's control. *See Moore v. State*, 446 S.W.3d 47, 51-52 (Tex. App.—Houston [1st Dist.] 2014), *aff'd*, 532 S.W.3d 400, 402 (Tex. Crim. App. 2017).

**Discussion**

Appellant contends that the State neglected its duty to be aware of Appellant's eighteenth birthday and that the evidence is legally and factually insufficient to support the findings that for reasons beyond the control of the State it was not practicable to proceed in juvenile court before Appellant's eighteenth birthday.

At the hearing, Officer Reeves testified that he knew Appellant because he supervised Appellant's community supervision for another offense. He explained that Appellant's supervision was transferred to Georgia when he moved there with his family and that he successfully completed his supervision in July 2018, the same month as the outcries in this case. Hemphill Police Department Chief David West testified that the investigation was essentially complete in August 2018.[3]

Officer Reeves testified that he was informally notified of the investigation sometime in August 2018, and that he told a representative of the Hemphill Police Department what he knew regarding Appellant's whereabouts and provided the phone number of Appellant's mother. The warrant was issued on September 5, 2018, and the Hemphill Police Department officially provided a referral to the probation department of Appellant's case on September 20. Officer Reeves stated that he did not contact Appellant's mother at that time and could not remember whether he called her after receiving the official referral. Officer Reeves testified that his office had no further involvement in the case until December 2018.

Appellant's mother testified that the first time the family became aware of the warrant and the allegations was in late November 2018. When asked whether anyone at the Hemphill Police Department contacted Appellant prior to the end of November 2018, Chief West explained that Officer Travis Trexler, the investigating officer, had that information. However, Officer Trexler did not testify because he was not requested at the hearing and had the day off from work. Chief West speculated that Appellant was probably notified the day after the warrant was issued but

---

[3] Chief West was a sergeant at the time and was appointed as Chief during the course of this investigation in November 2018.

admitted he could not refute Appellant's mother's testimony that they were not informed of the warrant until late November 2018.

During Appellant's mother's telephone conversation with the officer, she explained that due to the family's financial situation, and the fact that they lived in Georgia, it would be difficult to quickly return to Texas and resolve the matter. Nevertheless, shortly thereafter on December 4, 2018, Appellant returned to Texas and turned himself in at the jail. Officers at the jail erroneously booked and processed Appellant as an adult. Appellant bonded out, was released, and returned to Georgia that same day. Neither the Hemphill Police Department nor Appellant notified anyone at the probation department until Chief West alerted Officer Reeves of the error on December 10, 2018. Officer Reeves explained that his first contact with Appellant was sometime in December 2018.

Chief Juvenile Probation Officer Edeska Barnes, Jr., testified that his office was short-staffed during this investigation because they had two officers out, and an increased number of juvenile case referrals at the time. Chief Barnes further testified that it was his understanding that Officer Reeves initially became aware of the case in early August but did not have further involvement until approximately December 10, 2018. He testified that although it was unusual to deal with juvenile matters where the juvenile resides out of state at a considerable distance from Sabine County, it was not unusual for members of law enforcement to see each other at work or off duty and discuss cases. He testified that even though officers at the probation department may vaguely know of a particular case, they might not receive the official referral until several months later, which is the point in time at which they officially begin processing the case. But here, as we mentioned, the probation department received the referral in September 2018. Chief Barnes explained that the department allowed Appellant to turn himself in at his convenience because there was no immediate threat to the victims.

Officer Reeves testified that normally after a juvenile surrenders himself to the authorities, the juvenile probation department would be notified, and a staff member would meet with the juvenile and his family, conduct an "intake," and determine whether the child should be detained or released to the parents. After Chief Barnes and Officer Reeves conferred with the District Attorney, Chief West, and TJJD regarding the mistake, on January 18, 2019, they decided to wait to proceed on the matter. Four days later on January 22, Appellant turned eighteen.

At the hearing, Officer Reeves provided three reasons for the decision to intentionally delay the proceedings after learning of the mistakes: (1) they sought to accommodate Appellant's alleged hardship in traveling between Georgia and Texas; (2) they wanted to allow Appellant to complete the school year in Georgia; and (3) they intended to pursue adult certification irrespective of whether he was seventeen or eighteen years old because of the short time frame after the outcry and Appellant's eighteenth birthday, along with the seriousness of the offenses. Officer Reeves admitted on cross-examination that had the warrant been processed correctly as a juvenile warrant, it would have been possible to proceed in juvenile court provided that court dates were available and the schedules between defense counsel and the State aligned. On redirect examination, Officer Reeves reiterated that irrespective of the scheduling, they always intended to certify Appellant as an adult, even after he turned eighteen.

In relevant part, the trial court's order and findings of fact and conclusions of law state that "[Appellant] lives in Georgia," "[he] was arrested and bonded out on December [4], 2018," "Juvenile Probation was not notified when [Appellant] turned himself in," "[Appellant] returned to Georgia without ever meeting with Juvenile Probation," and "Juvenile Probation met with the District Attorney's office on or about January 18, 2019, and the decision was made to wait until the end of the school year to file since [Appellant] lived in Georgia." None of the other findings relate to the reasons for the delay. Accordingly, presumably based on these factors, the trial court concluded that for reasons beyond the State's control, it was impracticable to proceed in juvenile court prior to Appellant's eighteenth birthday. We defer to the trial court on these findings and view them in the light most favorable to the court's decision to waive its juvenile jurisdiction and transfer the case to criminal district court. However, under this record, we conclude that we may not ignore other evidence because it would be unreasonable to do so in these circumstances. *See In re J.G.*, 495 S.W.3d at 370; *Moon*, 410 S.W.3d at 371. For five reasons, we determine that this evidence is uncontroverted, conclusive, and leads to only one inference: it was within the State's control to practicably proceed prior to Appellant's eighteenth birthday. *See id.*

First, the fact that Appellant resided out of state does not reasonably explain the delay. Officer Reeves knew how to contact Appellant because he had just completed community supervision under Officer Reeves on another case at the time of the outcries, almost six months prior to Appellant's eighteenth birthday. Moreover, the probation department had an official referral on September 20, 2018, yet made no effort to contact Appellant until December after

8

learning of the mistake in processing the warrant and his arrest. Chief West speculated that they attempted to contact Appellant or his mother shortly after the warrant was issued but admitted that Officer Trexler had that information. The State did not call Officer Trexler even though it had the burden to explain the delays. The record shows instead that despite Appellant's alleged hardship in traveling from Georgia to Texas, shortly after Appellant's mother was notified of the warrant in late November, they traveled to Texas and Appellant surrendered himself to the authorities. This is in contrast to another case, where there was an outcry within six months of the defendant's eighteenth birthday, and the investigating officers could not timely locate him, but testified in detail as to their active efforts to locate him. *See Matter of B.C.B.*, No. 05-16-00207-CV, 2016 WL 3165595, at *5-6 (Tex. App.—Dallas June 7, 2016, pet. denied) (mem. op.). Here, there was no evidence that the State furthered the investigation between September 2018 and late November 2018. Chief Barnes's explanation that the department was short-staffed and referrals were up at the time is an insufficient reason for delay within the State's control. *See Moore*, 446 S.W.3d at 51-52.

Second, although the trial court found that Appellant was arrested and bonded out on December 4, 2018, and Juvenile Probation was not notified when Appellant turned himself in, this was due to a mistake within the State's control. Namely, in processing the warrant, which was clearly labeled as a juvenile warrant, Appellant was erroneously booked, processed, and bonded as an adult, which resulted in delayed notification to the juvenile department. The trial court also found that Appellant returned to Georgia without ever meeting with Juvenile Probation. However, the State did not cite any rule of law, condition of bond, or other document requiring Appellant to report to juvenile probation after he was erroneously processed and bonded as an adult at the Sabine County Jail. Instead, this was a mistake within the State's control. *See Matter of A.M.*, 577 S.W.3d at 672 n.10 (explaining that failure to mitigate investigative or procedural delays is not outside the state's control, especially when delay was brought on by law enforcement's mistakes); *see also Moore*, 446 S.W.3d at 51-52 (holding clerical mistakes in investigator's file as to juvenile's age, when other documents in file had correct birthdate, was not valid reason for delaying prosecution beyond state's control).

Third, after discovering the mistake, Chief Barnes and Officer Reeves conferred with Chief West, the district attorney's office, and TJJD on the next course of action. On January 18, 2019, just a few days prior to Appellant's eighteenth birthday, they decided to intentionally delay

proceeding on the matter. The primary reason for the intentional delay is the State's mistaken belief, which it maintains in its appellate brief, that the law allowed it to certify Appellant as an adult regardless of his age. *See Matter of A.M.*, 577 S.W.3d at 671-72 (holding State's mistaken understanding of law that there was no rush to proceed because it could certify defendant as adult was insufficient reason for delay). Therefore, its mistake as to the law is an insufficient basis to support the delay. *See id.*

Fourth, Officer Reeves also stated that they delayed the proceeding because of the seriousness of the offense. We note that the seriousness of the offense, while relevant under Section 54.02(a), is not a relevant factor under Section 54.02(j). *See id.* (holding Section 54.02(a) and (f) factors have no relevance in Section 54.02(j) proceeding); *Ex parte Arango*, 518 S.W.3d 916, 920–21 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd) (holding order to transfer juvenile jurisdiction based solely on the seriousness of the offense is insufficient).

Finally, the State did not file its petition until May 21, 2019, and the hearing was not held until August 7, 2019, because they intentionally decided to allow Appellant to finish the school year after he turned eighteen. However, facts explaining delays occurring after the defendant turned eighteen are not relevant in this analysis. *Collins*, 516 S.W.3d at 521. In any event, this decision was within the State's control.

In summary, the State had the options to resolve this matter within the juvenile justice system, certify Appellant as an adult under Section 54.02(a), or satisfy the elevated requirements under Section 54.02(j). After learning of its mistakes, the State intentionally, for reasons within its control, decided to proceed under Section 54.02(j), but failed to satisfy its burden with sufficient evidence to support the conclusion that it was impracticable to proceed prior to Appellant's eighteenth birthday. In fact, Officer Reeves admitted that but for the mistakes, and assuming the parties' and court's schedule permitted, they could have timely proceeded on the matter.[4] Accordingly, the evidence is insufficient to support the order, and the trial court abused its discretion in waiving its juvenile jurisdiction and transferring the matter to criminal district court.

---

[4] Here, there was no evidence and the court made no findings concerning the parties' and court's calendar or the late nature of the outcries' timing as a factor in the delay. This is in contrast to another case where the court indicated that it took into account the timing of the outcry six months prior to the defendant's eighteenth birthday, the court's calendar, the attorneys' calendars, the motion for continuance, and "the time it takes to get an evaluation done." *See Matter of L.M.B.*, No. 11-16-00241-CV, 2017 WL 253654, at *2 (Tex. App.—Eastland Jan. 6, 2017, no pet.) (mem. op.). We are limited to the court's findings as a basis to support the transfer of the proceeding. *See Moon v. State*, 451 S.W.3d 28, 50 (Tex. Crim. App. 2014).

*See Moore*, 532 S.W.3d at 404-05; ***Matter of A.M.***, 577 S.W.3d at 671-72; ***Moon***, 410 S.W.3d at 371.

Appellant's fourth issue is sustained.  Because this issue is dispositive, we need not address Appellant's remaining issues.[5]  *See* TEX. R. APP. P. 47.1.

### DISPOSITION

Because the State failed to meet its burden to show that for reasons beyond its control it was impracticable to proceed before Appellant's eighteenth birthday, its non-compliance with Texas Family Code Section 54.02 deprived the juvenile court of jurisdiction.  We therefore hold that the juvenile court lacked jurisdiction to transfer the case to a criminal district court and, as a result, the criminal district court may not acquire jurisdiction.  *See Moore*, 446 S.W.3d at 52.  Accordingly, we proceed with the only available disposition:  we ***reverse*** the trial court's order waiving jurisdiction and transferring the case to the criminal district court and we ***dismiss*** the case for lack of jurisdiction.  *See id.*; ***Matter of A.M.***, 577 S.W.3d at 672.

GREG NEELEY
Justice

Opinion delivered April 30, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[5] Appellant contends in his first issue that the trial court abused its discretion in admitting and relying upon the police report that contained, among other things, the investigating officer's summary of the forensic interview conducted on the two child victims.  In his second issue, Appellant contends that the admission of this evidence violated his Sixth Amendment right to confrontation of the witnesses against him.  In Appellant's third issue, he argues that the trial court did not adequately set forth its reasons for waiving juvenile jurisdiction in the transfer order, and that it merely recited the statutory factors as its findings.  With respect to issue three, we do note that the trial court subsequently issued findings of fact and conclusions of law in an attempt to satisfy this requirement.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 30, 2020**

**NO. 12-19-00284-CV**

**IN THE MATTER OF A.M.H., A JUVENILE**

Appeal from the 273rd District Court

of Sabine County, Texas (Tr.Ct.No. JV1900195)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that the trial court had no jurisdiction of the subject matter in this case and that its judgment same should be reversed and the case dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that the trial court's order waiving jurisdiction and transferring the case to the criminal district court be, and the same is, hereby **reversed** and **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.

*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*